```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

TRACEY WATSON,                         )
                                       )  Civil Action
       Petitioner              )  No. 10-cv-00067
                                       )
     vs.                             )
                                       )
JOHN C. THOMAS;                        )
THE DISTRICT ATTORNEY OF THE           )
  COUNTY OF PHILADELPHIA,              )
  PENNSYLVANIA; and                    )
THE ATTORNEY GENERAL OF THE STATE      )
  OF PENNSYLVANIA,                     )
                                       )
       Respondents             )

## O R D E R

      NOW, this 31st day of October, 2011, upon consideration of the following documents:

      (1) Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner Tracey Watson pro se on January 5, 2010[1] (Document 1);

      (2) Response to Petition for Writ of Habeas Corpus, which response was filed by respondents on May 14, 2010 (Document 9);

      (3) Report and Recommendation of Chief United States Magistrate Judge Thomas J. Rueter filed May 25, 2010 (Document 10);

      (4) Written Objections to Report & Recommendation, which objections were filed by petitioner on June 8, 2010 (Document 12); and

---

[1] Although the docket entries reflect that the petition for writ of habeas corpus was filed January 7, 2010, petitioner Tracey Watson indicated next to his signature that he executed the petition on January 5, 2010. (See petition at 19.)  Pursuant to the prison mailbox rule, this court will consider the date of filing as January 5, 2010.  The prison mailbox rule deems a motion to have been filed on the date the petitioner delivered his petition to prison officials to mail.  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1997).

>  (5) Response to Petitioner's Objections to Report and Recommendation, which response was filed by respondents on June 24, 2010 (Document 15),

it appearing after review of this matter that Chief Magistrate Judge Rueter's Report and Recommendation correctly determined the legal and factual issues presented in the petition for habeas corpus relief,

>  IT IS ORDERED that the objections of petitioner to the Report and Recommendation of Chief Magistrate Judge Rueter are overruled.[2]

---

[2] When objections are filed to a magistrate judge's report and recommendation, I am required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections.  28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.  Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge.  See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

   Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of his or her sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions.  I may accept, reject or modify, in whole or in part any of the findings or recommendations made by the magistrate judge.  Raddatz, supra.

   Petitioner is currently incarcerated at the State Correctional Institution Rockview in Bellefonte, Pennsylvania, where he is serving a sentence of eight-to-twenty-years imprisonment, imposed by the Court of Common Pleas of Philadelphia County.  Because petitioner became a fugitive, petitioner received an in absentia trial, and a jury convicted him of possession with intent to deliver a controlled substance, in violation of Section 13 of The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, No. 64, § 13, as amended, 35 P.S. § 780-113(a)(30).  The factual and procedural history underlying petitioner's request for federal habeas relief is well-summarized in the Report and Recommendation at pages 1-2, and is incorporated here.

   Petitioner raises eight numbered objections to the Report and Recommendation.  Although petitioner's objections are not clearly differentiated, it appears that most of petitioner's objections challenge Chief Magistrate Judge Rueter's determination that petitioner's time-barred habeas petition is not entitled to equitable tolling.

(Footnote 2 continued):

---

(<u>Continuation of footnote 2</u>):

      Specifically, petitioner contends that the one-year statute of limitations for habeas petitions should be equitably tolled because petitioner alleges that the trial judge had a conflict of interest, and petitioner contends that he timely made a motion for recusal which was improperly denied. In addition, the remainder of petitioner's objections appear to re-argue the merits of the claims raised in his underlying habeas petition.

      I conclude that petitioner's objections regarding equitable tolling are without merit. As correctly determined by Chief Magistrate Judge Rueter, petitioner's habeas petition is time-barred pursuant to the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d). Petitioner does not appear to challenge that his petition is time-barred pursuant to the AEDPA. Thus, this court can only consider the merits of petitioner's habeas petition if the statute of limitations is subject to equitable tolling.

      Petitioner is entitled to have the statute of limitations equitably tolled if he establishes that, in seeking federal habeas relief, (1) he exercised reasonable diligence in pursuing his rights; and (2) some extraordinary circumstance stood in his way and prevented him from timely filing. <u>Holland v. Florida</u>, __ U.S. __, __, 130 S.Ct. 2539, 2562, 177 L.Ed.2d. 130, 145 (2010). Petitioner bears the burden of showing that he diligently pursued his rights, and that an extraordinary event prevented him from timely filing. <u>Urcinoli v. Cathel</u>, 546 F.3d 269, 273 (3d Cir. 2008).

      I conclude, as also correctly determined by Chief Magistrate Judge Rueter, that the statute of limitations should not be equitably tolled. Petitioner's objections completely fail to address how petitioner was prevented from timely filing his habeas petition. Petitioner's objections likewise fail to describe any actions he took that show he exercised reasonable diligence in pursuing his rights. Petitioner's contentions that the trial judge had a conflict of interest, and that his motion for recusal was timely, are irrelevant to determining whether his habeas petition is subject to equitable tolling. Accordingly, I overrule petitioner's objections regarding equitable tolling.

      Further, I conclude that the remainder of the contentions included in petitioner's objections are nothing more than a restatement of the underlying claims contained in his petition. Accordingly, I do not address those objections. <u>See</u> <u>Morgan v. Astrue</u>, 2009 U.S.Dist. LEXIS 101092, at *8 (E.D.Pa. Oct. 30, 2009)(Buckwalter, S.J.). Moreover, upon review of Chief Magistrate Judge Rueter's Report and Recommendation, together with de novo review of this matter, I conclude that the Report and Recommendation correctly determined the legal issues raised by petitioner.

      Accordingly, I approve and adopt Chief Magistrate Judge Rueter's Report and Recommendation, and overrule petitioner's objections to the Report and Recommendation. Moreover, because petitioner has not met statutory requirements to have his case heard, and no reasonable jurist could find this procedural ruling debatable, and because petitioner fails to demonstrate denial of a constitutional right, a certificate of appealability is denied. <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484,

IT IS FURTHER ORDERED that the Report and Recommendation of Chief Magistrate Judge Rueter is approved and adopted.

IT IS FURTHER ORDERED that the petition for a writ of habeas corpus is dismissed without a hearing.

IT IS FURTHER ORDERED that petitioner has not met statutory requirements to have his case heard, and no reasonable jurist could find this procedural ruling debatable, and because petitioner fails to demonstrate denial of a constitutional right, a certificate of appealability is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this matter closed for statistical purposes.

BY THE COURT:

/s/ James Knoll Gardner
James Knoll Gardner
United States District Judge

---

120 S.Ct. 1595, 1604, 146 L.Ed.2d 542, 555 (2000).